TAYLOR, Presiding Judge,
dissenting from unpublished memorandum.
I dissent from the majority’s conclusion that the appellant was not denied his right to *242 cross-examine the witnesses against him. The majority states:
“The facts at trial showed that Eric Matthews was arrested by the appellant and was charged with possession of contraband and possession of firearms. The appellant offered to help Matthews, who was on probation at the time of the arrest, in exchange for $3,000. Matthews’s mother, who was to pay the money to the appellant and codefendant, contacted the FBI prior to paying the $3,000. When she transferred the money to co-defendant Maxwell, she was wearing a microphone placed on her by the FBI. At trial, the appellant’s counsel tried to elicit information from Agent Nettles concerning whether he knew any of the names spoken by on this tape. Nettles refused to answer these questions and the trial court supported this decision.”
The majority further states that the “defendant’s right to cross-examine adverse witnesses often must be balanced against the government’s interest in keeping certain information confidential.” It would be easy for the state in every case to say that every witness was the subject of an ongoing investigation and thereby to deny the defendant the opportunity to find out what the witness would say and what he or she knew. Objective standards need to be established to take the place of the nebulous system now used— a system that invites misuse.
By the time one codefendant is put to trial it is highly probable that the investigation is completed and that the executive authority knows well who shall be prosecuted and who should not. Consequently, this excuse made during the trial of the defendant raises grave doubts as to its applicability. In the abstract it substitutes the power of the executive branch of government for the legitimate duty of the judicial branch of government in conducting a proceeding whose object is to arrive at the truth in a fair and impartial way.
Accordingly, I dissent.